IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>PEDRO A. MARTÍNEZ-MERCADO<br><br>**Defendant** | CRIMINAL NO. 18-569 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff United States of America's ("the Government") *Omnibus Motion in Limine* ("*Motion in Limine*") (Docket No. 62). The Government requests the Court bar Defendant Pedro A. Martínez-Mercado ("Martínez-Mercado") from introducing at trial his own self-serving out of court statements. Id. The Government also seeks for the Court to prohibit Martínez-Mercado from defining reasonable doubt at trial. Id. For reasons discussed below, the Court **GRANTS** the *Motion in Limine*.

## I. PROCEDURAL BACKGROUND

On September 6, 2018, a Grand Jury returned an Indictment charging Martínez-Mercado with Misappropriation of Postal Funds in violation of 18 U.S.C. § 1711 (Count 1) and Theft of Government Property in violation of 18 U.S.C. § 641 (Count 2). (Docket No. 3). Specifically, he is accused of knowingly and willfully misappropriating postal funds of a value exceeding $1,000 and which

had come into his hands in the execution of his employment with the United States Postal Service or failing to deposit the remittance in the treasury of the United States or in a designated depository. Id. at 1. He is also accused of knowingly and willfully committing theft of government property of a value exceeding $1,000. Id. at 2.

Trial for Martínez-Mercado is set to commence on Monday, February 28, 2022. (Docket No. 67). On February 16, 2022, the Government filed the *Motion in Limine*. (Docket No. 62). The motion is unopposed.

## II.  ANALYSIS

### A. Self-Serving Statements

The Government's *Motion in Limine* seeks to preclude Martínez-Mercado from eliciting self-serving statements at trial. Id. at 1. The Federal Rules of Evidence prohibit hearsay, "broadly exclud[ing] out-of-court statements offered to prove their truth." Calderon Amezquita v. Rivera Cruz, 2022 WL 456858, at *2 (D.P.R. 2022) (citing Fed. R. Evid. 801(c)). Further, Fed. R. Evid. R. 801(d)(2) "expressly carves out certain statements from the definition of hearsay." Id. However, self-serving statements are not on this list. *See* United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985) (explaining that Fed. R. Evid. R. 801(d)(2)(A) was "designed to exclude the introduction of self-serving statements by the party making them"); United States v. Boyrie-Laboy, 2021 WL

5706827, at *3 (D.P.R. 2021) ("There is neither an exemption nor exception [in Fed. R. Evid. 801(d)(2)] . . . for purely self-serving hearsay.") (citation omitted). **Thus, Martínez-Mercado is prohibited from introducing at trial his own self-serving statements that violate the rules against hearsay.** *See* Boyrie-Laboy, 2021 WL 5706827, at *3 (finding that defendant could not elicit self-serving statements at trial); United States v. Agosto-Pacheco, 2021 WL 4295355, at *6 (D.P.R. 2021) (same). **And he is also precluded from introducing self-serving statements through third party witnesses.** *See e.g.*, United States v. Serrano-Delgado, 350 F. Supp. 3d 36, 37 (D.P.R. 2018) (holding that defendant could not proffer out-of-court self-serving statements through third parties because that evidence would be hearsay).

### B. Reasonable Doubt

The Government also moves the Court to bar Martínez-Mercado from defining "reasonable doubt" during his closing arguments. (Docket No. 62 at 4-6). Notably, the Supreme Court has stated that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." Victor v. Nebraska, 511 U.S. 1, 5 (1994) (citation omitted). Nevertheless, the First Circuit has reiterated "**that reasonable doubt does not require definition**." United States v. Herman, 848 F.3d 55, 57 (1st Cir. 2017) (quoting United States v. Rodríguez-Cardona, 924 F.2d 1148, 1160 (1st Cir. 1991)) (emphasis added). It

likewise has held that most attempts "at clarification result in further obfuscation of the concept [of reasonable doubt]." United States v. Burgos, 703 F.3d 1, 10 (1st Cir. 2012) (quoting United States v. Olmstead, 832 F.2d 642, 645 (1st Cir. 1987)). **Thus, Martínez-Mercado is barred from defining "reasonable doubt" during his closing argument.** See Boyrie-Laboy, 2021 WL 5706827, at *3 (finding that defendant could not define "reasonable doubt" at trial). However, Martínez-Mercado may argue that the Government "failed to satisfy its burden of proof beyond a reasonable doubt." Id.

### III. CONCLUSION

For the reasons set forth herein, the Government's *Motion in Limine* (Docket No. 62). is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of February 2022.

S/RAÚL M. ARIAS-MARXUACH_____
UNITED STATES DISTRICT JUDGE