```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>PEDRO A. MARTÍNEZ-MERCADO<br><br>**Defendant** | **CRIMINAL NO. 18-569 (RAM)** |

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Pedro A. Martínez-Mercado's ("Defendant") *Memorandum of Law In Support Of Judgment Or Acquittal Or In The Alternative For A New Trial Under Federal Rules Of Criminal Procedure 29 And 33* ("*Motion*") (Docket No. 107). For reasons set forth below, the *Motion* is **DENIED.**

### I.   PROCEDURAL BACKGROUND

On September 6, 2018, Defendant was indicted by the United States of America (the "Government") with Misappropriation of Postal Funds in violation of 18 U.S.C. § 1711 (Count 1) and Theft of Government Property in violation of 18 U.S.C. § 641 (Count 2). (Docket No. 3). According to the indictment, on or about September 18, 2017, Defendant knowingly and willfully misappropriated postal funds of a value exceeding $1,000 and which had come into his possession in the execution of his employment with the United States Postal Service ("USPS") or failed to deposit the remittance

in the treasury of the United States or in a designated depository. Id. at 1. He was also accused of knowingly and willfully committing theft of government property of a value exceeding $1,000. Id. at 2.

After a six-day jury trial, Defendant was found guilty on all counts. (Docket Nos. 94; 100). He then filed the pending *Motion* seeking an entry of judgment of acquittal or a new trial. (Docket No. 107). His motion for acquittal alleges the Government failed to submit sufficient evidence proving beyond a reasonable doubt that he had specific intent to deprive the Government of its property. Id. at 6. Alternatively, his motion for a mistrial avers the jury was unable to discern between evidence of a forged signature in the deposits slips in the remittances from evidence as to whether he misappropriated postal funds or stole government property. Id. at 7. He also contends a new trial is warranted because the jury wrongly considered a "knowingly" state of mind during deliberations instead of an "intent to deprive" standard. Id. at 7-8. The Government's opposition ("*Opposition*") and Defendant's reply ("*Reply*") followed. (Docket Nos. 111 and 118).

**II.   STANDARD OF REVIEW UNDER FED. R. CRIM. P. 29**

Fed. R. Civ. P. 29 ("Rule 29") allows a court to set aside a jury's guilty verdict and enter an acquittal of "any offense for which the evidence is insufficient to sustain a conviction." United States v. Florentino-Rosario, 459 F. Supp. 3d 345, 354 (D.P.R.

2020), aff'd, 19 F.4th 530 (1st Cir. 2021) (citing Fed. R. Crim. P. 29(c)). The defendant must make the requisite showing on a Rule 29 motion and the proffered evidence is considered "in the light most favorable to the prosecution." Id. at 349, 354 (quoting United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999)). Hence, evidentiary conflicts and credibility disputes are solved in favor of the verdict. *See* United States v. Valerio, 676 F.3d 237, 244 (1st Cir. 2012). A verdict "must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." United States v. Stewart-Carrasquillo, 997 F.3d 408, 417–18 (1st Cir. 2021) (quoting United States v. Rodríguez-Vélez, 597 F.3d 32, 39 (1st Cir. 2010)). Finally, a challenge to the sufficiency of the evidence, such as here, is a "tough sell," an "uphill battle" and "a daunting hurdle[]." Florentino-Rosario, 459 F. Supp. 3d at 354 (quoting United States v. Pérez-Meléndez, 599 F.3d 31, 40 (1st Cir. 2010) and United States v. Hatch, 434 F.3d 1, 4 (1st Cir. 2006)).

### III.   ELEMENTS OF THE CHARGED OFFENSES

**A. Count 1: Misappropriation of Postal Funds**

Section 1711 prohibits misappropriation of postal funds by a USPS employee. *See* 18 U.S.C. § 1711. To secure a conviction for this offense, the Government must prove beyond a reasonable doubt that: (1) Defendant was a USPS employee when charged in the

Indictment; (2) while a USPS employee, money and/or money orders belonging to the USPS exceeding $1,000 came into his possession; and (3) he knowingly and willfully, used or converted for his own use, or failed to deposit the remittance in the treasury of the United States or in a designated depository, the money and money orders. Id. The jury was instructed that "convert" means "to take something with intent to deprive the owner of its use or benefit either temporarily or permanently." (Docket No. 98 at 17).

**B. Count 2: Theft of Government Property**

Section 641 prohibits theft of government property. *See* 18 U.S.C. § 641. To secure a conviction for this offense, the Government must prove beyond a reasonable doubt that: (1) the money and money orders described in the Indictment belonged to the United States and exceeded $1,000; (2) Defendant knowingly and willfully stole or converted such money and money orders for his own use or the use of another; and (3) he did so with the intent to deprive the United States of the use or benefit of the money and money orders. Id. The jury was instructed that "steal" or "convert" meant "to take something with intent to deprive the owner of its use or benefit either temporarily or permanently." (Docket No. 98 at 18).

**IV.   ANALYSIS OF EVIDENCE PRESENTED AT TRIAL**

As an initial matter, seeing the evidence in the light most favorable to the Government, Defendant failed to properly contest the first two elements of misappropriation of postal funds under

§ 1711 and the first element of theft of government property under § 641. When analyzing a Rule 29 motion, the Court need not determine that "no verdict other than a guilty verdict could sensibly be reached, but must only [be] satisf[ied] ... that the guilty verdict finds support in a plausible rendition of the record." United States v. Seary-Colon, 997 F.3d 1, at 12 (1st Cir. 2021), cert. denied, 142 S. Ct. 184 (2021) (quoting United States v. Hatch, 434 F.3d 1, 4 (1st Cir. 2006)). Here, the evidence overwhelmingly showed that Defendant **was a USPS employee during the relevant time frame and while an USPS employee, money and money orders belonging to the USPS exceeding $1,000 came into his possession**. Defendant testified he worked as a Post Master at the Sabana Grande USPS office from June 2012 until moving to New Jersey in November 2021. (Docket No. 94 at 4, 10, 48). He testified to preparing the September 18, 2017 remittance bag of the amount of money orders purchased at the postal office and cash made that day and that its content amounted to **$11,435.02**. Id. at 12-15. He also recalled sealing the bag that day and placing it in a safety deposit box at the post office. Id. at 15, 23.

At trial, the Government admitted into evidence a copy of the receipt of the bag's contents showing the $11,435.02 total and the deposit slip exhibiting that amount signed by Defendant and former postal clerk Yolanda Chang ("Mrs. Chang"). (Docket No. 102-1; 102-10). Defendant acknowledged it was his signature in the deposit

slip. (Docket No. 94 at 16, 22-23). The Government also presented testimony of Victor Méndez ("Mr. Méndez"), a window clerk who worked with Defendant on the September 18, 2017 remittance. Id. at 13. Mr. Méndez testified that Defendant prepared the remittance and he saw Defendant in control of the bag at the post office on September 18. (Docket No. 111 at 20). As explored in more detail below, Mr. Méndez also stated he knew Defendant took the remittance bag with him to New Jersey. Id. Likewise, Mrs. Chang testified at trial, and the Government proffered evidence thereto, that in an attempt to return the amount in the remittance bag, Defendant sent her $1,075 in cash and money orders payable to her for $4,867.00 and money cash orders belonging to the September 18, 2017 remittance for a total of $11,435.02. (Docket Nos. 102-3; 102-6). The Government showed she received these items on **December 2017.** Id.

Therefore, what remains are the *mens rea* elements of both charges.[1] As seen below, the Government also proved these elements beyond a reasonable doubt at trial.

### A. *Mens rea* as to § 1711

As to a conviction under § 1711, Defendant **admitted** on direct

---

[1] Although § 1711 does not define the requisite *mens rea,* "[c]riminal intent is an element of a violation of § 1711." United States v. Bui, 2004 WL 57082, at *3 (E.D. Pa. 2004), aff'd, 152 F. App'x 159 (3d Cir. 2005) (quotation omitted). And while § 641 "does not expressly require specific intent, the Supreme Court has held that Congress, in codifying the common law crimes described in § 641, intended to incorporate the common law requirement of specific intent as an element of the crime." United States v. Donato-Morales*,* 382 F.3d 42, 47 (1st Cir. 2004) (citing Morissette v. United States*,* 342 U.S. 246, 270-73 (1952)).

examination to opening the sealed remittance bag and using money to purchase breakfast and lunch for employees voluntarily working at the post office after the passing of Hurricane Maria. He "deemed that to be correct" thing to do "because those persons did not need to be there with me." (Docket No. 94 at 36). He also admitted to paying two employees for work performed after the hurricane's passing and for other expenses, such as buying gasoline for the station's trucks and for himself. Id. at 36-41. While the Court is sympathetic to the harsh conditions throughout Puerto Rico in the wake of Hurricane Maria, they do not excuse Defendant's actions in taking and using money that, by virtue of his employment, he knew belonged to the USPS.

Notably, it is for the jurors to decide "which witness to credit," and the Court thereby assumes, "in the posture of a sufficiency-of-the-evidence challenge, ... that they credited those witnesses whose testimony lent support to the verdict." United States v. Cruz-Ramos, 987 F.3d 27, 38 (1st Cir. 2021) (quoting United States v. Lara, 181 F.3d 183, 204 (1st Cir. 1999)). Here, the Government presented testimony from Mr. Méndez explaining how Defendant admitted to taking the money from the remittance bag for his own benefit, how Mr. Méndez knew Defendant took the bag with him after transferring to New Jersey and when Defendant tried to send the money back for it to be deposited at the bank. The Government also proffered the testimony of former

Finance Director Juan Paz ("Mr. Paz"); finance officer Rosalind Robles ("Mrs. Robles"); Post Master Carlos Olivencia; Mr. Méndez; Mrs. Chang; and Post Master Guillermo Rivera ("Mr. Rivera") stating that once a remittance is sealed, it must be sent to a bank that day or soon thereafter.

Moreover, the Court finds it unbelievable that Defendant, the Post Master of the Sabana Grande branch since 2012, was unaware of this. Defendant acknowledged on direct examination that part of his duties as Post Master included "deal[ing] with finances and **with all their aspects** . . . and everything having to do with the post office in general." (Docket No. 94 at 4) (emphasis added). Additionally, Defendant admitted on cross-examination that he *chose* not to deposit the remittance at issue, despite sending 29 remittances to the bank from September 20, 2017 through November 21, 2017. The Government introduced evidence of all the deposits from the Sabana Grande branch to Citibank from August to December 2017, which markedly did not include a deposit for the September 18, 2017 remittance. (Docket No. 102-2).

**Therefore, the Government evinced beyond a reasonable doubt that Defendant intentionally converted for his own use, or failed to deposit even if temporarily, the remittance in the treasury of the United States or in a designated depository, the money and money orders belonging to USPS.** *See e.g.,* United States v. Bui, 152 F. App'x 159, 160-61 (3d Cir. 2005) (upholding conviction under

§ 1711 after finding that defendant had knowledge and intent to convert postal funds for personal use given that there was sufficient evidence that appellant postal clerk "wrote overdraft checks, deposited them in her cash drawer at the post office, took the money from her drawer, and admitted to investigators that she made personal use of the money.").

Even assuming *arguendo* that Defendant had not admitted at trial to using money from the remittance for his own benefit and thereby depriving the United States of using it, the jury could still have *inferred* that he intentionally used the money for personal use due to his substantial delay in returning the postal funds. The First Circuit's opinion in O'Malley v. United States is instructive. *See* O'Malley v. United States, 378 F.2d 401, 403 (1st Cir. 1967). O'Malley dealt with a chief commissaryman in charge of the mess facilities at a navy base convicted of converting money of the United States for his own use under § 641. The defendant was tasked with gathering cash receipts from cashiers and delivering it to the disbursing officer. Id. at 403. An audit revealed he never delivered approximately $1,000 to the disbursing officer. The defendant argued he could not be convicted of conversion without eye witness testimony. Id. In rejecting this theory, the First Circuit held that the jury could reasonably infer defendant converted the money based on circumstantial evidence that he never turned it over to the disbursing officer. Id.; *see*

*also* United States v. Dykman, 2008 WL 11451232, at *7 (D. Mont. 2008), aff'd, 342 F. App'x 263 (9th Cir. 2009) (citing O'Malley, 378 F.2d at 403-404) (denying a Rule 29 Motion after finding that the Government did not have to prove in a § 1711 charge that defendant postmaster "used the stolen stamps or money for her own benefit with direct evidence;" instead, the element could be "inferred from evidence that [she] stole stamps or money.").

Lastly, as the Court determined before trial, the fact that Defendant intended to repay the funds, and ultimately did, is **not** a defense to misappropriation of postal funds. (Docket No. 78). *See e.g.*, United States v. Ross, 206 F.3d 896, 899 (9th Cir. 2000) (citing Withrow v. United States, 420 F.2d 1220, 1224-25) (5th Cir. 1969)); United States v. Passaro, 2006 WL 2349606, at *1-3 (D. Conn. 2006) (collecting cases for the proposition that intent to repay is not a defense to a § 1711 charge, "even where actual repayment has been made.").

   **B. *Mens rea* as to § 641**

A conviction under § 641 requires that the Government produce sufficient evidence allowing a factfinder to conclude that Defendant "had specific intent to 'steal ... a thing of value' from the United States." United States v. Rivera-Ortiz, 14 F.4th 91, 100 (1st Cir. 2021) (quoting United States v. Donato-Morales, 382 F.3d 42, 47 (1st Cir. 2004)). Here, the Government provided sufficient evidence to this end.

First, as explained above, Defendant admitted to opening the September 18, 2017 remittance bag and using its contents, which he *knew* belonged to his employer. *See*, *infra*, Section IV.A of this Opinion. This, by itself, warrants denial of a Rule 29 motion. The District Court of Massachusetts held as much in United States v. De La Cruz, where it denied a Rule 29 motion as to charges under 18 U.S.C § 1028A and 18 U.S.C § 641 because the defendant's statements following arrest admitting to drawing unemployment benefits and asserting that he "100% knew it was a crime," and that "I didn't earn it," were sufficient to justify the jury's finding of guilt. United States v. De La Cruz, 2014 WL 3925497, at *2 (D. Mass. 2014), aff'd, 835 F.3d 1 (1st Cir. 2016). Further, in cross examination, Defendant admitted to using money from the remittance bag in an unlawful manner and that as a result, USPS was unable to deposit the funds for that day. Furthermore, Mr. Paz, Mrs. Robles and Mr. Rivera all testified Defendant opened the remittance bag without their approval. **Hence, a jury could reasonably find that by opening the remittance bag and using its funds without authorization, Defendant knowingly converted them for his own use.** *See* Morissette v. United States, 342 U.S. 246, 272 (1952) ("Conversion may include misuse or abuse of property. It may reach use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use.")

Second, the evidence at trial showed that at least as of early

December 2017, Citibank's financial system, which tracked the USPS's bank deposits, still reflected a difference of $11,435.02. (Docket No. 102-9 at 3). Defendant thereby intentionally deprived the USPS from accessing the funds from the September 18, 2017 remittance for several months. **Thus, a reasonable factfinder could also find that he had specific intent to deprive the United States of utilizing those funds.** *See e.g.*, United States v. Sofidiya, 198 WL 743597, at *3 (4th Cir. 1998) (finding the Government's evidence sufficed to support the jury's verdict regarding conversion of money orders under § 641 and § 1711 in part because it showed the defendant "withdrew money orders for himself without submitting a voucher or logging the sale" on his integrated retail terminal); United States v. Powell, 413 F.2d 1037, 1038 (4th Cir. 1969) (sustaining conviction for embezzling USPS funds under § 641 because the defendant alone had access to the property and a substantial shortage was discovered without explanation from him, hence the factfinder could reasonably infer an intent to embezzle the funds).

The Court hereby **DENIES** Defendant's request for judgment of acquittal as to either charge.

### C. Request for Judgment for a Lesser Included Offense

Alternatively, Defendant's *Reply* requests the Court enter a conviction for a lesser included offense. (Docket No. 118 at 6-7). Defendant argues such as conviction is proper given that the

amount he admitted to using to pay expenses, including an approximately $300.00 to pay personal emergency items, warrants a lesser offense. (Docket Nos. 94 at 39-49; 107 at 2-3; 118 at 6-7).

The Court submitted to the jury an instruction on a "lesser included offense, stating "[i]f you conclude that the Government has proven beyond reasonable doubt all the elements of the offense except the value of the property of the United States in excess of [$]1,000, you may convict Defendant of a lesser offense under counts one and two." (Docket No. 98 at 22). However, the jury still found Defendant guilty of misappropriation under §1711 and theft under § 641 for over $1,000. **Defendant provides no evidence substantiating his claim to a lesser included offense**. Most glaringly, at direct examination he could not recall the amount he gave to the mailmen for gas, an expense he paid for using money from the remittance bag. (Docket No. 94 at 38-39).

Courts within the First Circuit have held that if the jury finds the defendant guilty of the greater offense, they can "enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding[.]" United States v. Kamen, 491 F. Supp. 2d 142, 153 (D. Mass. 2007) (quoting United States v. Dhinsa, 243 F.3d 635, 674 (2d Cir. 2001)). Here, the evidence at trial showed a loss of **$11,435.02**. This evidence

**would not** permit a rational jury to find a charge under § 1711 and/or § 641 for *less* than $1,000. While a jury may find a defendant not guilty of misappropriation or theft because the Government failed to prove its case beyond a reasonable doubt, once the jury found Defendant guilty of those charges, under the facts presented it could not have rationally found the amount was less than $1,000. Thus, Defendant's request for a conviction of a lesser included offense is **DENIED**.

**V.  REQUEST FOR NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33**

Fed. R. Civ. P. 33(a) ("Rule 33") states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." These types of motions "are directed to the discretion of the trial court." United States v. Villa-Guillén, 490 F.Supp.3d 470, 473 (D.P.R. 2019) (quotation omitted). While a defendant may base their new trial motion on newly discovered evidence or other grounds, it is still a remedy to be granted "sparingly," and "only where there would be 'a miscarriage of justice and where the evidence preponderates heavily against the verdict.'" United States v. González-Pérez, 778 F.3d 3, 17 (1st Cir. 2015) (quoting United States v. Merlino, 592 F.3d 22, 32 (1st Cir. 2010)).

Here, the Court already determined that the evidence at trial supports the guilty verdict. Moreover, in his motion for mistrial, Defendant only alleged in a conclusory manner that a new trial is

called for because the jury purportedly was unable to distinguish between evidence of a forged signature in the deposits slips and evidence related to the allegations of misappropriated postal funds or stolen government property. (Docket No. 107 at 7). He also generally posits that a new trial is warranted because the jury wrongly considered a "knowingly" state of mind during deliberations instead of an "intent to deprive" standard. Id. at 7-8. Thus, Defendant posits that this led to the jury being confused over the evidence and which in turn gave the Government the opportunity to "skew[], twist[], and completely manipulate[] the intentions, meanings, and purposes behind Defendant's actions." Id. at 8. These bare allegations are insufficient to show that "miscarriage of justice would occur" if a new trial does not take place. *See* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Given that the Court sees no other ground meriting a new trial, Defendant's motion under Fed. R. Crim. P. 33 must be **DENIED**.

## VI. CONCLUSION

For the reasons set forth herein, Defendant's *Memorandum of Law In Support Of Judgment Or Acquittal Or In The Alternative For A New Trial Under Federal Rules Of Criminal Procedure 29 And 33*

*Motion in Limine* (Docket No. 107) is **DENIED.**

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of August 2022.

                                               <u>S/RAÚL M. ARIAS-MARXUACH</u>
                                               UNITED STATES DISTRICT JUDGE