## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>PEDRO A. MARTÍNEZ-MERCADO<br><br>**Defendant** | **CRIMINAL NO. 18-569 (RAM)** |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Pedro A. Martínez-Mercado's ("Defendant") *Motion to Reconsider Denial of Rule 29 and Motion for New Trial Pursuant to Rule 33 on the Issue of Mens Rea* ("*Motion*"). (Docket No. 124). Defendant contends the Court erred in denying his requests for judgment of acquittal and/or a new trial because the Government failed to prove beyond a reasonable doubt Defendant had the requisite *mens rea* to support his guilty verdict. Id. For the reasons set below, the *Motion* is **DENIED**.

"The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration." United States v. Pena-Fernandez, 394 F. Supp. 3d 205, 207 (D.P.R. 2019) (quotation omitted). Instead, the First Circuit applies Fed. R. Civ. P. 59(e) to motions for reconsideration in criminal cases. Id. Under this rule, a court will only alter its original order if a party evinces a manifest error of law, if there is newly discovered evidence, or

in certain other narrow situations. *See* Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50, 55 (1st Cir. 2016). Here, the Court finds no manifest error of law or newly discovered evidence that would warrant altering the finding that Defendant had the requisite *mens rea* to support his convictions for Misappropriation of Postal Funds, 18 U.S.C. § 1711, and Theft of Government Property, 18 U.S.C. § 641.

First, Defendant argues his actions "ultimately benefited the USPS" because he used some of the money he took from the remittance bag to buy meals for employees who were voluntarily working at the post office after Hurricane Maria. (Docket No. 124 at 2-3). However, Defendant conveniently fails to acknowledge that he admitted to using part of the funds from the remittance bag for personal use. (Docket No. 121 at 7). Thus, the fact that some of the funds purportedly benefited his employer does not mean Defendant lacks the requisite *mens rea* to support the charges of Misappropriation of Postal Funds and Theft of Government Property. As the Court stated in its Opinion and Order, "[w]hile the Court is sympathetic to the harsh conditions throughout Puerto Rico in the wake of Hurricane Maria, they do not excuse Defendant's actions in taking and using money that, by virtue of his employment, he knew belonged to the USPS." Id.

Second, despite Defendant's contention to the contrary, the Court correctly relied on the First Circuit's O'Malley v. United

States opinion when denying Defendant's Rule 29 motion even though the defendant in O'Malley never returned the funds. (Docket No. 124 at 2). While Defendant did ultimately return the funds from the September 18, 2017 remittance bag, it took him **months** to do so. (Docket No. 121 at 6, 11-12). Moreover, as the Court has previously stressed, Defendant's intent to repay the funds and subsequent repayment is **not a defense** to misappropriation of postal funds. (Docket Nos. 78, 98, 121 at 10). Thus, this claim does not hold water either.

Defendant has not articulated a manifest error of law, newly discovered evidence, a change in controlling law, or any other circumstance warranting the extraordinary remedy that is reconsideration. Accordingly, his *Motion to Reconsider Denial of Rule 29 and Motion for New Trial Pursuant to Rule 33 on the Issue of Mens Rea* is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE