IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>PEDRO A. MARTÍNEZ-MERCADO<br><br>**Defendant** | CRIMINAL NO. 18-569 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Pedro A. Martínez-Mercado's ("Defendant") *Motion for Bail Pending Appeal* (the "*Motion*"). (Docket No. 146). For the following reasons, the *Motion* is **DENIED**.

### I.   BACKGROUND

Defendant was indicted on one charge of Misappropriation of Postal Funds in violation of 18 U.S.C. § 1711 and one charge of Theft of Government Property in violation of 18 U.S.C. § 641. (Docket No. 3). Following a six-day trial, a jury found Defendant guilty on both counts. (Docket No. 100). Before the end of trial, Defendant filed a *Motion for Declaration of Mistrial or, in the Alternative, for a Limiting Instruction With Respect to Evidence Unfairly Prejudicial Allowed Against Defendant* ("*Motion for Mistrial or Limiting Instruction*"). (Docket No. 96). That motion concerned testimony the Government elicited regarding Defendant

forging signatures on numerous deposit slips that were used to deposit post office remittances, or bank deposits. Id. The Court granted the motion in part and read a limiting instruction to the jury. (Docket Nos. 97; 98 at 7).

After the trial, Defendant moved for judgment of acquittal and/or a new trial ("*Rule 29 Motion*"). (Docket No. 107). The Government opposed the motion, and the Court denied the *Rule 29 Motion* in an Opinion and Order. (Docket No. 121). Defendant thereafter moved for reconsideration, which the Court also denied. (Docket Nos. 124; 125).

On December 15, 2022, this Court sentenced Defendant to a six (6) month term of imprisonment, followed by a two (2) year term of supervised release. (Docket Nos. 135; 139). Defendant filed a notice of appeal on December 27, 2022 and the pending *Motion* seeking bail pending his appeal on February 27, 2023. (Docket Nos. 141; 146). The Government thereafter filed an opposition to the *Motion*, arguing Defendant failed to show that he is entitled to the requested relief. (Docket No. 150). Defendant is set to self-surrender to serve his sentence on March 21, 2023. (Docket No. 149).

## II.  STANDARD FOR BAIL PENDING APPEAL

Defendant seeks release pending appeal pursuant to 18 U.S.C. § 3143(b). Under the statute, "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment

. . . will be detained pending appeal." United States v. Bravo-Fernandez, 320 F. Supp. 3d 321, 323 (D.P.R. 2018) (internal quotation marks and citations omitted). The burden is on Defendant to show that: (1) he "is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" one of the following outcomes: "(i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *see also* Bravo-Fernandez, 320 F. Supp. 3d at 323 (explaining that the defendant "shoulder[s] the burden of satisfying both requirements").

The test to evaluate whether a defendant has raised a substantial question of law or fact on appeal consists of two prongs: the "substantiality prong" and the "likelihood prong." United States v. Zimny, 857 F.3d 97, 99 (1st Cir. 2017). The substantiality prong asks whether "the appeal raise[s] a substantial question of law or fact." Id. A "substantial question" is "a 'close' question or one that very well could be decided the other way." United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985). "[I]t is not sufficient that the question is 'fairly

debatable' or suggests 'a possibility of reversal.'" United States v. Correia, 597 F. Supp. 3d 476, 481 n.3 (D. Mass. 2022) (citing Bayko, 774 F.2d at 523). To succeed on the likelihood prong, a defendant must show "that if that substantial question is determined favorably to [him] on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Zimny, 857 F.3d at 99.

### III. ANALYSIS

#### A. Defendant is Not a Flight Risk

First, the Court finds that Defendant is **not** a flight risk. He was released on bond the same day he was arrested and has always complied with the conditions of his release. At sentencing, the Court allowed Defendant to self-surrender for service of his sentence, and there is no evidence or argument that he has violated any terms of release.

#### B. Defendant Does Not Pose a Danger to Any Person or the Community

The Court also finds that Defendant is not a danger to any person or the community. Defendant has no criminal history or any other arrests on his record. Additionally, the crimes for which Defendant was convicted are non-violent, and the Court sees nothing in the record to indicate Defendant may pose a danger to anyone in the future.

### C. The Appeal is Not for Purposes of Delay

There is no evidence or argument that would support the conclusion that the appeal was filed for purposes of delay. The Court thus finds it was not.

### D. Defendant Does Not Raise Any Substantial Question of Law or Fact

While the first three factors favor release pending appeal, Defendant is not entitled to such relief because he falls woefully short of satisfying the substantiality prong. The case law makes clear that Defendant must show that the issues raised on appeal "very well could be decided the other way." *See* Zimny, 857 F.3d at 99-100 (discussing the defendant's "burden on the substantiality prong of § 3143(b)(1)(B)"). However, in the *Motion*, Defendant merely lists five issues he plans to argue on appeal and directs the Court to his previous briefing in support of his *Rule 29 Motion*. (Docket No. 146 at 8-9).[1] Defendant argues that these issues "support the fact that the evidence adduced by the government was legally insufficient, and a judgment of acquittal should have [been] entered pursuant to Fed. R. Crim. P. 29." (Docket No. 146 at 9).

To the extent Defendant plans to challenge this Court's Rule 29 decision on appeal, the Court already explained in detail why the Government presented sufficient evidence to sustain the

---

[1] The Court notes the Government's contention that Defendant failed to preserve two of these issues for appeal. (Docket No. 150 at 5-6).

conviction. (Docket No. 121). The Court carefully reviewed the case law and evidence concerning Defendant's state of mind and determined that the Government had presented sufficient evidence to establish beyond a reasonable doubt that Defendant knowingly and willfully converted the remittance for his own use and acted with the specific intent to deprive the United States of the use of those postal funds. Id. at 6-12. When Defendant moved for reconsideration, the Court again highlighted that Defendant had even "**admitted to using part of the funds from the remittance bag for his personal use**." (Docket No. 125 at 2) (emphasis added). Nowhere did the Court indicate that any of the issues raised in the *Rule 29 Motion* were "close questions," and, in the Court's view, they are not.

    Defendant also contends in a footnote that the Court's decision to bar him from arguing intent to repay as part of his defense constitutes a close question because the First Circuit has never explicitly decided the issue. (Docket No. 146 at 8 n.2). However, the Court relied on case law from outside the First Circuit, including decisions from the Fifth, Eighth, and Ninth Circuits, in making that determination, and Defendant does not articulate why the First Circuit would likely disagree with those rulings from other circuits. (Docket Nos. 78; 121 at 10; 125 at 3). That the First Circuit might not have decided an issue does not perforce make it a "close" question. *See, e.g.*, United States

v. Walker, 2008 WL 3211282, at *1 (W.D.N.C. 2008) (denying motion for bail pending appeal, despite the fact that the case was one of first impression in the circuit, because decisions from other circuits "adverse to the defendant's claim show that he has not raised a substantial question of law").

Finally, Defendant notes that he will argue on appeal that the Government improperly introduced "irrelevant and unfairly prejudicial evidence of forged signatures in the deposit slips of the remittances." (Docket No. 146 at 8). However, Defendant fails to mention that the Court addressed this concern in response to his previous *Motion for Mistrial or Limiting Instruction*. (Docket No. 96). The Court granted that motion in part and read the following instruction to the jury, which is almost identical to Defendant's proposed instruction: "Neither Count 1 of the Indictment, Misappropriation of Postal Funds, nor Count 2, Theft of Government Property, requires that you find that Mr. Martínez-Mercado falsely made, forged, or altered any signature with the intention of deceit." (Docket Nos. 96 at 4; 97; 98 at 7).[2] "It is

---

[2] The full jury instruction reads:

> **JURY INSTRUCTION NO. 4: Limiting Instructions as to Particular Kinds of Evidence**
>
> A particular item of evidence is sometimes received only for a limited purpose. That is, it can only be used by you for one particular purpose, and not for any other purpose. I have told you when that occurred and instructed you on the purposes for which the item can and cannot be used.

a well established tenet of our judicial system that juries are presumed to follow [court] instructions," yet Defendant does not articulate why the limiting instruction was insufficient or how the Court's solution created a "substantial issue of law or fact." United States v. Gentles, 619 F.3d 75, 82 (1st Cir. 2010). Moreover, to the extent Defendant relies on his prior briefing on this issue in his *Rule 29 Motion*, the Court noted in its Opinion and Order thereto that Defendant only raised this issue "in a conclusory manner." (Docket No. 121 at 14-15). Defendant's previous arguments on this point are thus unhelpful and insufficient to meet his burden under 18 U.S.C. § 3143(b).

In summary, Defendant's inability to articulate why any issue he identifies presents a "substantial question of law or fact" is fatal to his *Motion*.

### E. Defendant Fails to Meet His Burden on the Likelihood Prong

Defendant makes no attempt to meet his burden on the

---

> You heard testimony to the effect that Mr. Martínez-Mercado would sign deposit slips for other employees. Mr. Martínez-Mercado is not on trial for forgery. You are only to consider the testimony concerning the signatures in the deposit slips for the limited purpose of assessing Mr. Martínez-Mercado's credibility. You are instructed to determine whether Mr. Martínez-Mercado is guilty or not solely with respect to the offenses charged in the Indictment which are Count 1 (Misappropriation of Postal Funds) and Count 2 (Theft of Government Property). Neither Count 1 of the Indictment, Misappropriation of Postal Funds, nor Count 2, Theft of Government Property, requires that you find that Mr. Martínez-Mercado falsely made, forged, or altered any signature with the intention of deceit.

(Docket No. 98 at 7).

likelihood prong. Most notably, he does not explain how a favorable decision on appeal "is likely to result in reversal or an order for a new trial *of all counts on which imprisonment has been imposed*." Zimny, 857 F.3d at 99 (emphasis added). For instance, Defendant raises the issue of "improper jury instructions with regards to the required state of mind for 'intent to deprive.'" (Docket No. 146 at 6). However, Count One does not include the "intent to deprive" element, and thus a favorable decision on appeal as to that issue would not alter the conviction on that count. Overall, the *Motion* lacks any argument concerning the likelihood prong, which precludes the Court from granting bail pending appeal.

## IV.   CONCLUSION

For the foregoing reasons, the *Motion for Bail Pending Appeal* at Docket No. 146 is **DENIED**. Defendant failed to meet his burden on both the substantiality and likelihood prongs of the inquiry, and thus he "shall . . . be detained" pending his appeal. 18 U.S.C. § 3143(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March 2023.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE